MARJORIE JEAN STEIER, APPELLANT, V. CROSIER FATHERS OF
HASTINGS, NEBRASKA, APPELLEE.
492 N.W.2d 870

Filed December 11, 1992.   No. S-90-065.

Thom K. Cope, of Bailey, Polsky, Cope & Wood, for appellant.

Michael E. Sullivan, of Helmann & Sullivan, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Plaintiff, Marjorie Jean Steier, appeals from a judgment entered in favor of defendant, Crosier Fathers of Hastings, Nebraska, a nonprofit Nebraska corporation, upon the court's granting defendant's motion for summary judgment.

Defendant's motion for summary judgment was apparently submitted to the trial court on plaintiff's petition, with three exhibits attached; defendant's answer, with an exhibit attached; and defendant's "Affidavit in Support of Motion for Summary Judgment." The parties agree that plaintiff began her employment with defendant in October 1982 and that she was terminated from her employment at the conclusion of a 1-year period ending June 30, 1989, as set out in a written contract between the parties. At the time of her termination, plaintiff was 61 years old and was experiencing "some difficulty with her

knees."

Plaintiff, in her brief, sets out the following facts, which facts are agreed to by defendant:

The Appellant, Marjorie Jean Steier, sued the Crosier Fathers of Hastings because (she alleges) the Defendant fired her because of her age and a physical disability. The issues were not tried to the Court. Before any evidence was adduced, the Defendant moved to dismiss the case via summary judgment because Crosier Fathers did not have 15 or more employees.

Steier brought her suit pursuant to Neb. Rev. Stat. 20-148, which allows a person to sue a company for a deprivation of rights secured by Nebraska laws. The laws that Steier claimed were breached are a part of the Nebraska Fair Employment Practices [sic] Act (§48-1104) and a part of the Act Prohibiting Unjust Discrimination in Employment Because of Age (§ 48-1004). By affidavit, the Crosier Fathers showed they had less than the 15 employees and 25 employees needed to meet the definitions of FEPA and the Age Act respectively.

Defendant contended and the Court agreed that because Crosiers didn't have the requisite number of employees, the Court didn't have jurisdiction to hear the case. There was no question and the Defendant didn't contest that Crosiers was a "company" as defined in Neb. Rev. Stat. § 20-148.

Brief for appellant at 4.

The trial court granted defendant's motion for summary judgment and entered judgment in favor of defendant. Plaintiff timely appealed and in this court assigns as error the actions of the trial court in granting defendant's motion.

We have held: " ' "A summary judgment is properly granted when the pleadings . . . and affidavits in the record disclose that there is no genuine issue concerning any material fact . . . and that the moving party is entitled to judgment as a matter of law . . . ." ' " *State v. Union Pacific RR. Co.*, 241 Neb. 675, 678, 490 N.W.2d 461, 464 (1992). Accord *Scott v. Mattingly*, 241 Neb. 276, 488 N.W.2d 349 (1992).

Plaintiff's petition alleges, in the first cause of action, that

defendant's termination of plaintiff's employment deprived plaintiff of "rights secured by the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, Neb. Rev. Stat. §§ 48-1001 to 1010 (Reissue 1988)." Her second cause of action alleged that defendant, in terminating her employment, deprived her of "rights secured to her by the Nebraska Fair Employment Practice Act," Neb. Rev. Stat. § 48-1101 et seq. (Reissue 1988), in that plaintiff was a disabled person within the meaning of that act.

The petition further alleges that plaintiff's first cause of action "is brought pursuant to Neb. Rev. Stat. §20-148 (Reissue 1987) for redress for the deprivation of said rights" set out in Neb. Rev. Stat. § 48-1001 et seq. (Reissue 1988) and that the second cause of action was brought "pursuant to Neb. Rev. Stat. §20-148 (Reissue 1987)."

Neb. Rev. Stat. § 20-148 (Reissue 1991) provides in pertinent part:

> (1) Any person or company . . . who subjects or causes to be subjected any citizen of this state . . . to the deprivation of any rights, privileges, or immunities secured by the . . . laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.

Section 48-1002(2) provides that "[e]mployer shall mean any person having in his or her employ twenty-five or more individuals . . . ." Section 48-1102(2) provides that "[e]mployer shall mean a person engaged in an industry who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."

By affidavit executed November 29, 1989, defendant stated it employed "four full-time people and six part-time people" and that defendant did not employ, at any time during the year preceding November 29, 1989, more than 12 full-time and part-time employees. Plaintiff does not object to this factual statement.

The "Laws of the State of Nebraska" which plaintiff alleges contain rights which she has been denied are § 48-1001 et seq. and § 48-1101 et seq. The rights secured to employees by the

terms of those statutes are limited to the rights of employees engaged in employment where 25 or more employees are working, in the case of age discrimination; or, in the case of the Nebraska Fair Employment Practice Act, where 15 or more employees are employed. Persons seeking relief under alleged violation of rights set out in § 48-1001 et seq. and in § 48-1101 et seq. must be persons within the definitions set out in those statutes.

The facts are clear that defendant does not fall within the criteria set out in those legislative acts, and therefore, the terms of those acts do not apply to plaintiff and defendant in the case before us.

The trial court was correct in granting defendant's motion for summary judgment and entering judgment for defendant.

AFFIRMED.