Richard E. LAMPMAN, Plaintiff,

v.

McCOOK PUBLIC SCHOOLS,
Defendant.

No. 7:98CV5033.

United States District Court,
D. Nebraska.

June 28, 1999.

---

Frankie J. Moore, McCarthy, Gale Law Firm, North Platte, NE, for plaintiff.

Gregory H. Perry, Perry, Guthery Law Firm, Lincoln, NE, for defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This is an employment discrimination action based on disability in which Plaintiff alleges causes of action under various provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (1995 & Cum.Supp.1999); the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654 (1999); and the Nebraska Fair Employment Practice Act, Neb.Rev.Stat. §§ 48–1101 to – 1125 (Michie 1995) ("NFEPA"). Plaintiff seeks to bring his NFEPA claim—his third cause of action—pursuant to Neb. Rev.Stat. § 20–148 (Michie 1995). Defendant moves to dismiss (filing 6) Plaintiff's NFEPA claim because section 20–148 does not apply to political subdivisions like Defendant and the NFEPA itself does not authorize the filing of an action in federal district court. Plaintiff has not responded to Defendant's motion by brief or otherwise. I shall grant Defendant's motion and dismiss Plaintiff's third cause of action.

The NFEPA makes it unlawful for an employer to discriminate against any individual "with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, marital status, or national origin." Neb.Rev.Stat. § 48–1104(1) (Michie 1995). The NFEPA sets forth a detailed administrative hearing process in which claims brought under that act are to be resolved by the Nebraska Equal Opportunity Commission ("NEOC"), which is required to make findings of fact and conclusions of law and to issue orders on such claims. Neb.Rev.Stat. § 48–1119 (Michie 1995). The act further provides that appeals from such NEOC decisions are to be taken in accordance with Nebraska's Administrative Procedure Act ("NAPA"). Neb.Rev.Stat. § 48–1120 (Michie 1995). The NAPA, in turn, requires that appeals from administrative decisions be lodged in state district court and, subsequently, in the state appellate court system. Neb.Rev.Stat. §§ 84–917 & 84–918 (Michie 1995 & Supp.1998).

The NFEPA provides that the only way a complainant may avoid exhausting the full administrative process described above is through section 48–1119(4), which states, "A complainant who has suffered physical, emotional, or financial harm as a result of a violation of section 48–1104 may, at any stage of the proceedings prior to dismissal, file an action directly in the district court of the county where such alleged violation occurred." Thus, even when a complainant elects to proceed under this provision, such relief must be sought in the applicable *state* district court after administrative proceedings have already begun.

■ Contrary to section 48–1119(4) of the NFEPA, Plaintiff in this case has filed an action in federal (as opposed to state) district court after completing (as opposed to during) the administrative review process (filing 1 ¶¶ 6–8). Therefore, Plaintiff cannot bring his NFEPA claim in this court solely under the provisions contained in the NFEPA itself. *See Siefken v. Department of Education*, No. 4:CV95–3007, slip op. at 3–4 (D.Neb. Dec. 8, 1995) (dismissing NFEPA claim without prejudice to allow plaintiff to pursue claim in state court).

■ As stated above, Plaintiff also seeks to bring his NFEPA claim pursuant to Neb.Rev.Stat. § 20–148 (Michie 1995), which provides in part:

Any person or company ..., *except any political subdivision*, who subjects or causes to be subjected any citizen of this state ... to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.

(Emphasis added.) This statute allows a plaintiff to bring a cause of action in state district court, or in federal district court

as a pendent claim, "to enforce the rights secured by the NFEPA without first exhausting the administrative remedies prescribed by the Act." *Parrish v. Immanuel Medical Center*, 92 F.3d 727, 734 (8th Cir. 1996) (plaintiff properly elected to bring immediate cause of action in federal district court for disability discrimination under the NFEPA pursuant to section 20–148 without first exhausting administrative remedies); *Goolsby v. Anderson*, 250 Neb. 306, 313, 549 N.W.2d 153, 158 (1996) (section 20–148 is procedural statute enacted to allow plaintiffs seeking to vindicate already-existing constitutional or statutory rights to avoid review procedures of agencies like NEOC; in accordance with section 20–148, plaintiff properly brought sexual harassment and retaliation claims under NFEPA in state district court without first exhausting administrative remedies under NFEPA).

However, in the employment discrimination context, section 20–148 only applies to private acts of discrimination by private employers. *Sinn v. City of Seward*, 3 Neb.App. 59, 76, 523 N.W.2d 39, 50 (1994) (allegations of discrimination against individuals acting in their capacities as public officials properly dismissed under section 20–148 because such statute only reaches private acts of discrimination by private employers). Indeed, the plain language of section 20–148 exempts political subdivisions. Here, it is undisputed that defendant McCook Public Schools is a political subdivision of the State of Nebraska. (Complaint, Filing 1 ¶5.) *See also* Neb. Rev.Stat. §§ 13–903(1) & 13–1612 (Michie 1995 & Supp.1998) (political subdivisions include school districts and all other units of local government). Therefore, Plaintiff cannot bring his NFEPA claim pursuant to Neb.Rev.Stat. § 20–148, and Defendant's motion to dismiss should be granted.

Accordingly,

IT IS ORDERED that Defendant's motion to dismiss Plaintiff's third cause of action (filing 6) is granted, and Plaintiff's third cause of action is dismissed.