KENNETH D. ADKINS, APPELLANT, V.
BURLINGTON NORTHERN SANTA FE
RAILROAD COMPANY, APPELLEE.

615 N.W. 2d 469

Filed August 4, 2000.    No. S-99-575.

Anthony C. Coe, of Polsky, Cope, Shiffermiller & Coe, for appellant.

Douglas J. Peterson, of Knudsen, Berkheimer, Richardson & Endacott, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Kenneth D. Adkins appeals an order of the district court which granted summary judgment to Burlington Northern Santa Fe Railroad Company (Burlington Northern) by concluding that Adkins' claim under the Nebraska Fair Employment Practice Act (FEPA), Neb. Rev. Stat. § 48-1101 et seq. (Reissue 1998), was time barred. The sole issue on appeal is whether § 48-1118(2) or Neb. Rev. Stat. § 25-212 (Reissue 1995) provides the applicable statute of limitations for FEPA claims brought pursuant to Neb. Rev. Stat. § 20-148 (Reissue 1997). For the reasons that follow, we conclude that § 48-1118(2) is the applicable statute and, therefore, affirm the order of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Adkins' amended petition, filed June 12, 1997, contains the following allegations: Between 1970 and 1980, Adkins was employed by Burlington Northern. In 1980, his employment was terminated, and Adkins then claimed that the termination was discriminatory. In 1983, a class action suit alleging racial discrimination was filed against Burlington Northern. Adkins was a member of the class and gave deposition testimony in the matter. In 1984, Adkins received an award as part of a settlement of the class action suit. Later, in November 1994, Adkins applied for 1 of 15 available freight car apprentice positions, for which he was allegedly well qualified. On December 15, 1994, Burlington Northern managers interviewed Adkins and questioned him about his role in the 1983 class action lawsuit. Adkins was not selected for the position, although he was purportedly more qualified for the position than at least one of those applicants selected.

Adkins claimed that Burlington Northern's decision not to select him was substantially motivated by racial or retaliatory animus and that these actions constitute illegal discrimination in violation of FEPA. Adkins also alleged that in refusing to hire him because of his objection to discrimination and his participation in an investigation of discrimination, Burlington Northern violated § 48-1114. His FEPA claims were brought pursuant to § 20-148, which is a statute authorizing suit for a deprivation of rights, privileges, or immunities secured by the U.S. Constitution or the Constitution and laws of the State of Nebraska. Notably, § 20-148 contains no statute of limitations.

Burlington Northern moved for summary judgment, alleging that there was no genuine issue of material fact and that Burlington Northern was entitled to judgment as a matter of law on the statute of limitations issue. At the hearing on summary judgment, the parties submitted briefs and Burlington Northern asked the court to take judicial notice of Adkins' amended petition.

The district court granted Burlington Northern's motion for summary judgment and dismissed Adkins' amended petition, concluding that Adkins' cause of action was time barred. In its order, the district court determined that because § 20-148 contains no statute of limitations, the applicable statute of limitations was found in § 48-1118(2), which provides for a 300-day limitation period for the filing of a discrimination charge with the Equal Opportunity Commission after the occurrence of the alleged unlawful employment practice. The district court reasoned:

> Section 48-1118 is on its face the more specific statute, with a special statute of limitations for employment discrimination claims. While it is true that the Fair Employment [Practice] Act applies to administrative relief from employment discrimination, and section 20-148 applies to judicial relief from discrimination generally, the plaintiff's rights under state law concerning an employment discrimination claim are defined under the Fair Employment [Practice] Act, not section 20-148.

The district court rejected Adkins' argument that § 25-212, which allows a plaintiff 4 years to bring any suit that does not have a

specified statute of limitations, governed the instant action. The district court also relied on our case law discussing the interplay between § 20-148 and FEPA, specifically *Goolsby v. Anderson*, 250 Neb. 306, 549 N.W.2d 153 (1996), and *Steier v. Crosier Fathers of Hastings*, 242 Neb. 16, 492 N.W.2d 870 (1992).

Adkins timely appealed. We moved this case to our docket pursuant to our authority to regulate the caseloads of the appellate courts of this state. Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENT OF ERROR

Adkins asserts that the district court erred in determining that the applicable statute of limitations for filing FEPA actions under § 20-148 is 300 days, the time for filing an administrative charge of discrimination under § 48-1118(2).

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Olsen v. Farm Bureau Ins. Co.*, 259 Neb. 329, 609 N.W.2d 664 (2000); *Turner v. Fehrs Neb. Tractor & Equip.*, 259 Neb. 313, 609 N.W.2d 652 (2000).

■ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Alegent Health Bergan Mercy Med. Ctr. v. Haworth, ante* p. 63, 615 N.W.2d 460 (2000); *Turner v. Fehrs Neb. Tractor & Equip., supra.*

■ Which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court. *Olsen v. Farm Bureau Ins. Co., supra*; *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999).

## ANALYSIS

Section 20-148 was enacted in 1977 to provide an immediate and expeditious civil remedy to any person in Nebraska whose constitutional or statutory rights have been violated. See

Statement of Purpose, L.B. 66, Committee on Judiciary, 86th Leg., 1st Sess. (Jan. 18, 1977). Section 20-148 thus provides:

> (1) Any person or company, as defined in section 49-801, except any political subdivision, who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.
>
> (2) The remedies provided by this section shall be in addition to any other remedy provided by Chapter 20, article 1, and shall not be interpreted as denying any person the right of seeking other proper remedies provided thereunder.

Conspicuously absent from § 20-148 is a statute of limitations for actions brought within its purview.

As noted previously, Adkins brought his FEPA claim pursuant to § 20-148, and the district court determined that § 48-1118(2) provided the applicable statute of limitations for Adkins' claim. Section 48-1118(2) is contained within a statutory section describing the administrative procedure for filing FEPA claims with the Equal Opportunity Commission and provides:

> A written charge of violation of the Nebraska Fair Employment Practice Act shall be filed within *three hundred days* after the occurrence of the alleged unlawful employment practice and notice of the charge, including a statement of the date, place, and circumstances of the alleged unlawful employment practice, shall be served upon the person against whom such charge is made within ten days thereafter.

(Emphasis supplied.)

Adkins argues that the limitations period set forth in § 25-212 governs the instant case, rather than the period contained in § 48-1118(2). Section 25-212 provides, "An action for relief not hereinbefore provided for can only be brought within four years after the cause of action shall have accrued."

Since § 20-148 contains no statute of limitations, we must determine which statute of limitations, § 48-1118(2) or § 25-212, applies. Our analysis is guided by both legislative intent and an examination of the underlying policies of § 20-148 as compared with both §§ 48-1118(2) and 25-212, respectively. We are of the view that if the Legislature has indicated that a particular statute of limitations should apply to a claim, that statute is prima facie the most appropriate statute of limitations to apply to a civil rights action. See *Burnett v. Grattan*, 468 U.S. 42, 104 S. Ct. 2924, 82 L. Ed. 2d 36 (1984) (Rehnquist, J., concurring; Burger, C.J., and O'Connor, J., join).

In the instant case, the Legislature specifically enacted § 48-1118(2) as the statute of limitations for employment discrimination claims. Section 25-212, in contrast, provides the catchall limitations period for *any* action seeking relief for which the Legislature has not enacted a more specific statute of limitations. Section 48-1118(2) is thus prima facie the most appropriate statute of limitations to apply to an employment discrimination claim brought pursuant to § 20-148. See *Burnett v. Grattan, supra.*

Our conclusion is supported by an examination of the underlying policies of § 20-148, viewed in light of §§ 48-1118(2) and 25-212, respectively. As previously noted, the express purpose of § 20-148 is to provide a speedy and expeditious resolution for violations of constitutional and statutory rights. See Statement of Purpose, L.B. 66, Committee on Judiciary, 86th Leg., 1st Sess. (Jan. 18, 1977). This focus on prompt action is similarly found in FEPA. See, § 48-1118(1) (setting forth various, short time limitations for action by Equal Opportunity Commission after receipt of complaint, after investigation, and after probable cause finding); § 48-1118(3) (requiring written response to charge of FEPA violation to be filed within 30 days after service); § 48-1119(3) (providing that after conclusion of hearing, Equal Opportunity Commission shall make and file its findings of fact and conclusions of law within 10 days). This similar emphasis on the prompt resolution of employment discrimination disputes demonstrates that the policies behind § 48-1118(2) are consistent with those of § 20-148.

Section 25-212, however, contains no such emphasis on an expedited system for dispute resolution. Additionally, we note that using § 25-212 for FEPA actions brought pursuant to § 20-148 would actually undermine this purpose of § 20-148. One of the primary concerns motivating the introduction of L.B. 66, now codified as § 20-148, was the problem of stale evidence if the Equal Opportunity Commission remained the sole avenue for processing discrimination claims. In response to questioning, the senator who introduced L.B. 66 stated:

> [I]f I have a grievance against you and I take it to court, they can review it and see if there is a basis for it in the first place. If there is not, they can dismiss it and we know. If it does go into court, then I present all that I have on which I base the claim and then you oppose it and the court makes a decision. And we are in the judicial system then and a definitive answer can be given. But through the other system [Equal Opportunity Commission] you can go on for up to two years as I said and even longer and after all of that is completed you then might go into court anyway and start all over. By that time evidence can be old, witnesses can be gone or dead, and it becomes in a lot of cases, a paper victory, if you win it.

Judiciary Committee Hearing, L.B. 66, 86th Leg., 1st Sess. 3 (Jan. 18, 1977). If § 25-212 were the applicable statute of limitations and, consequently, plaintiffs had 4 years in which to file employment discrimination claims, the potential for stale evidence or hollow victories remains for both plaintiffs and defendants with respect to discrimination disputes. This is so because some of the primary remedies for employment discrimination include hiring, reinstatement, or promotion of an affected individual, rather than solely the award of damages at a later date. § 48-1119(3). Thus, in employment discrimination cases, there is a premium on expedited review and resolution of the dispute for the benefit of both parties. We determine that § 48-1118(2) more specifically addresses this concern by limiting the time period in which plaintiffs can file their discrimination claims to 300 days.

In light of the fact that the Legislature specifically enacted § 48-1118(2) as a statute of limitations for employment dis-

crimination claims and both §§ 20-148 and 48-1118(2) similarly focus on the expedited resolution of these claims, we hold that § 48-1118(2) provides the applicable statute of limitations (i.e., within 300 days after the occurrence of the alleged unlawful employment practice) for FEPA claims brought pursuant to § 20-148. Accordingly, since the alleged discriminatory act in the instant case occurred on or about December 15, 1994, and the original petition was not filed until January 1997, Adkins' action is untimely as more than 300 days had elapsed prior to the filing of his petition.

▇ Our determination that § 48-1118(2) provides the applicable statute of limitations for FEPA claims brought pursuant to § 20-148 is in accordance with *Goolsby v. Anderson*, 250 Neb. 306, 313, 549 N.W.2d 153, 157 (1996), in which we stated that "§ 20-148 is a procedural statute which does not create any new substantive rights." By using the same statute of limitations for both FEPA claims brought through the administrative process and FEPA claims filed pursuant to § 20-148, our construction avoids using § 20-148 to inadvertently create expanded rights (other than an alternative civil avenue of recovery) not present in an administrative FEPA claim.

## CONCLUSION

Section 48-1118(2) contains the statute of limitations which applies to FEPA claims brought pursuant to § 20-148. As such, we affirm the district court's order granting summary judgment to Burlington Northern and dismissing Adkins' amended petition.

AFFIRMED.

STEPHAN, J., not participating.