**IT IS FURTHER ORDERED** that this cause of action is dismissed with prejudice.

Teresa **HASSLER**, Plaintiff,

v.

**ALEGENT HEALTH**, Defendant.

No. 4:01CV463.

United States District Court,
D. Nebraska.

May 1, 2002.

---

1.  Reviewing the facts in the light most favorable to plaintiff, the Court will assume for the purpose of this motion that Chris Schnapp was an employee. However, this fact is in dispute.

■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■

---

Sean C. Bradley, Quinn, Wright Law Firm, Omaha, NE, for plaintiff.

J. Russell Derr, Erickson, Sederstrom Law Firm, Omaha, NE, for defendants.

## MEMORANDUM AND ORDER

KOPF, District Judge.

The plaintiff brings claims against the defendant under the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq.;* the Nebraska Fair Employment Practice Act, Neb.Rev.Stat. §§ 48–1101 to 48–1125 (NFEPA); and Neb.Rev.Stat. § 20–148. Defendant filed a Fed.R.Civ.P. 12(b)(6) motion as to Plaintiff's NFEPA and section 20–148 claims. (Filing 4.) Because the defendant attached evidence to its motion to dismiss, the 12(b)(6) motion was converted into one for partial summary judgment as to Plaintiff's state-law claims, as required by Fed.R.Civ.P. 12(b). (Filing 12.) Both parties have submitted evidence in connection with the converted motion for partial summary judgment (filings 15 & 17).

In support of its motion for partial summary judgment on Plaintiff's NFEPA and section 20–148 claims, Defendant argues that Plaintiff's section 20–148 claim is barred by the applicable statute of limitations, and that Plaintiff may not bring a NFEPA claim solely under the provisions in the NFEPA itself because Plaintiff did not file her action prior to dismissal of her claim by the Nebraska Equal Opportunity Commission, as is required by Neb.Rev. Stat. Ann. § 48–1119(4) (Lexis 1995).

**1.** Plaintiff requested in her charge of discrimination that the charge also be filed with the

## I.

The undisputed material facts, as are relevant to Defendant's arguments in support of its motion for summary judgment, are few. Plaintiff's employment with Defendant was terminated on March 22, 2000. (Filing 17, Ex. 1; Filing 1, Complaint ¶ IX.) Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission[1] (NEOC) on May 23, 2000. (Filing 17, Ex. 1.) On April 2, 2001, the NEOC issued a "Commission Determination," stating that after its review of the evidence,

> the Commission has officially closed this charge because the evidence is insufficient to support the allegations of discrimination.... The Commission has no appeal process for cases in which there is insufficient evidence to support the charge. This finding of **no reasonable cause** is the final determination of the Nebraska Equal Opportunity Commission and completes the Commission's handling of the charge.

(Filing 17, Ex. 2 (emphasis in original).) The plaintiff filed her lawsuit in this court on September 4, 2001. (Filing 1, Complaint at 1.)

## II.

### A. Section 20–148 Claim

■■■■ Neb.Rev.Stat. § 20–148(1) (Lexis 1999) provides in part:

> Any ... company ... who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the ... laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceed-

EEOC. (Filing 17, Ex. 1.)

ing for redress brought by such injured person.

Section 20–148 provides an independent cause of action for violations of the NFE-PA. *Parrish v. Immanuel Med. Ctr.*, 92 F.3d 727, 734 (8th Cir.1996); *Goolsby v. Anderson*, 250 Neb. 306, 549 N.W.2d 153, 158 (1996). The statute of limitations for NFEPA claims brought pursuant to section 20–148 is "300 days after the occurrence of the alleged unlawful employment practice." *Adkins v. Burlington Northern Santa Fe R.R. Co.*, 260 Neb. 156, 615 N.W.2d 469, 473 (2000) (holding that Neb. Rev.Stat. § 48–1118(2)[2] contains the statute of limitations applicable to NFEPA claims brought pursuant to section 20–148).

■ The latest alleged discriminatory act in this case occurred on March 22, 2000, the date of Plaintiff's termination, and Plaintiff's complaint was filed in this court on September 4, 2001. Therefore, Plaintiff's section 20–148 claim is untimely because more than 300 days elapsed from the occurrence of the alleged unlawful employment practice to the filing of the complaint in this court. *Adkins*, 615 N.W.2d at 473–74. I shall grant Defendant's motion for partial summary judgment on Plaintiff's section 20–148 claim.

### B. NFEPA Claim

Defendant next argues that Plaintiff may not bring a NFEPA claim solely under the provisions in the NFEPA itself (i.e., without the help of section 20–148) because Plaintiff did not file her action prior to dismissal of her claim by the NEOC, as is required by Neb.Rev.Stat. Ann. § 48–1119(4), which provides in part:

A complainant who has suffered physical, emotional, or financial harm as a result of a violation of section 48–1104 [listing unlawful employment practices] may, at any stage of the proceedings prior to dismissal, file an action directly in the district court of the county where such alleged violation occurred. Written notice of such filing shall be given to the commission and shall immediately terminate all proceedings before the commission.

I have previously held that this section permits actions to be filed only in state district court and does not allow a plaintiff to pursue a NFEPA claim in federal court under the provisions of the NFEPA itself. *Siefken v. Department of Education*, No. 4:CV95–3007, Filing 12, at 3–4 (D.Neb. Dec. 8, 1995); *Lampman v. McCook Pub. Schools*, 54 F.Supp.2d 945, 946 (D.Neb. 1999); *Fritz v. Wal–Mart Stores, Inc.*, 158 F.Supp.2d 991, 1000 (D.Neb.2001); *Sidak v. Pinnacle Telemarketing Ltd.*, 182 F.Supp.2d 873, 879 (D.Neb.2002). I have also held, in the context of analyzing a statute contained in Nebraska's public meetings laws that is similar to the above-quoted provision, that

even if the Nebraska Supreme Court were to construe section 84–1414(3)[3] as a jurisdictional statute, such a construction would not be determinative of the question of federal court jurisdiction. "In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction.... It necessarily follows that whenever a state provides a substantive

2. Section 48–1118(2) (Lexis 1995) states that "[a] written charge of violation of the Nebraska Fair Employment Practice Act shall be filed within three hundred days after the occurrence of the alleged unlawful employment practice...."

3. Section 84–1414(3) provides in part: "Any citizen of this state may commence a suit in the district court of the county in which the public body ordinarily meets or in which the plaintiff resides...."

right and a remedy for its enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States." *Poitra v. Demarrias,* 502 F.2d 23, 26–27 (8th Cir.1974) (quoting *Markham v. City of Newport News,* 292 F.2d 711, 713–716 (4th Cir. 1961)). Because I find that the jurisdictional requirements of section 1367(a) have been satisfied, the defendants' Rule 12(b)(1) motion will be denied.

*Buzek v. Pawnee County,* No. 4:01CV3308, Filing 22, at 6–7 (Apr. 16, 2002) (to be published).

■ Upon further consideration, and in the interest of reconciling the above-described diverse holdings, I now find that section 48–1119(4) of the NFEPA does not preclude a plaintiff from pursuing a NFEPA claim in federal court under the provisions of the NFEPA itself, and any language to the contrary in *Siefken, Lampman, Fritz,* and *Sidak* is disapproved. Because the plaintiff in this case has satisfied the jurisdictional requirements of 28 U.S.C. § 1367(a) [4] as to her NFEPA claim, this court has jurisdiction over such claim.

Section 48–1119(4) allows a plaintiff who has been subjected to an unlawful employment practice as defined in the NFEPA to file a lawsuit "at any stage of the [NEOC] proceedings prior to dismissal" and requires the plaintiff to provide written notice of the lawsuit to the NEOC, which notice "shall immediately terminate all proceedings before the commission." *See Riggs v. County of Banner,* 159 F.Supp.2d 1158, 1170–71 (D.Neb.2001) (suit under

§ 48–1119(4) must be filed prior to dismissal of discrimination charge by NEOC).

■ Here, the NEOC issued a "Commission Determination" on April 2, 2001, stating that the Commission "officially closed this charge" based upon its finding of "no reasonable cause," which was "the final determination of the Nebraska Equal Opportunity Commission" and which "complete[d] the Commission's handling of the charge." (Filing 17, Ex. 2.) Under section 48–1118(1), if the executive director of the NEOC "determines after ... investigation that there is *not reasonable cause* to believe that the charge is true, the executive director shall *dismiss* the charge and promptly notify the person claiming to be aggrieved and the respondent of his or her action." (Emphasis added.) Hence, it is clear that the NEOC "dismissed" Plaintiff's charge of discrimination within the meaning of section 48–1119(4) when it issued its Commission Determination on April 2, 2001. Because Plaintiff did not file her lawsuit in this court until September 4, 2001—five months after dismissal of her charge by the NEOC—she failed to meet the procedural requirements of section 48–1119(4), requiring the entry of summary judgment in favor of Defendant on Plaintiff's NFEPA claim.

Accordingly,

IT IS ORDERED:

1. Defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss Plaintiff's state-law claims (filing 4), treated as a motion for partial summary judgment pursuant to Fed.R.Civ.P. 12(b), is granted;

---

4. Section 1367(a) states that, with certain exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so relat-ed to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

2. Plaintiff's Second Claim for Relief (Nebraska Fair Employment Practices Act) and Third Claim for Relief (Nebraska Civil Rights Act) are dismissed; and

3. Final judgment shall be entered after disposition of Plaintiff's First Claim for Relief (Americans With Disabilities Act).