**Pamela WALLACE, Plaintiff,**

v.

**VALENTINO'S OF LINCOLN, INC., Defendant.**

**No. 4:01CV3262.**

United States District Court, D. Nebraska.

Aug. 22, 2002.

Richard L. Alexander, Hastings, NE, Andrew W. Snyder, Chaloupka, Holyoke Law Firm, Scottsbluff, NE, for plaintiff.

Jerry L. Pigsley, Harding, Shultz Law Firm, Lincoln, NE for defendant.

John C. Brownrigg, mediator, Erickson, Sederstrom Law Firm, Omaha, NE, pro se.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ON DEFENDANT'S MOTION TO STRIKE

URBOM, Senior District Judge.

Before me is a motion for summary judgment on the plaintiff's amended complaint, filing 25, by the defendant, Valentino's of Lincoln, Inc. Also before me is the defendant's motion to strike, filing 32. I find that both of the defendant's motions must be denied.

On December 1, 2001, the plaintiff filed a single-count amended complaint against the defendant, filing 10, alleging that the defendant "discriminated against the Plaintiff with respect to the terms, conditions, and privileges of employment on the basis of her sex by disparity of treatment, in comparison to male employees[,] and by creating a hostile work environment," in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C. § 2000e *et seq.* (1994) (hereinafter "Title VII").[1] The defendant has moved for summary judgment on the plaintiff's amended complaint, filing 25. Motions for summary judgment are to be granted by the court when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A genuine issue of material fact exists when there is sufficient evidence favoring the party opposing the motion for a reasonable jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

---

1. The amended complaint also states that "[t]his is an action to remedy sex discrimination *and unlawful retaliation* .... " (Am. Compl., filing 10, ¶ 1 (emphasis added).) However, it appears that the parties have now agreed that the "[p]laintiff's retaliation claim is barred." (*See* Order on Final Pretrial Conference, filing 43, at 2.)

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, then the burden shifts to the opposing party to produce evidentiary materials demonstrating the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–26, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); FED.R.CIV.P. 56(e). The opposing party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" and "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 256–57, 106 S.Ct. 2505. My analysis of the defendant's arguments in support of its motion for summary judgment follows.

To state a claim for hostile environment harassment by non-supervisory co-workers, [a plaintiff] must establish: (1) membership in a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and her membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action.

*Carter v. Chrysler Corp.,* 173 F.3d 693, 700 (8th Cir.1999). The defendant first argues that it is entitled to summary judgment because the plaintiff cannot establish the fifth element of her hostile work environment claim. (*See* Def.'s Mem. Br. in Supp. of Mot. for Summ. J. (hereinafter "Def.'s Br.") at 15.)

■ Preliminarily, I note that in its brief, the defendant has attempted to invoke the affirmative defense to vicarious liability set forth in *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton,* 524 U.S. 775, 807–08, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). (*See* Def.'s Br. at 15–16.) This affirmative defense applies in cases where a hostile environment was created by a *supervisor* of the plaintiff. *See Ellerth,* 524 U.S. at 765, 118 S.Ct. 2257; *Faragher,* 524 U.S. at 807, 118 S.Ct. 2275. The defendant appears to acknowledge that this "is a different type of case because it involves harassment by a non-supervisory co-worker." (Def.'s Br. at 16 (emphasis omitted).) *See also Dhyne v. Meiners Thriftway, Inc.,* 184 F.3d 983, 987 (8th Cir.1999). It seems to me that I should refrain from extending the *Ellerth* and *Faragher* rule to a case involving harassment by non-supervisory co-workers. Therefore, I reject the defendant's argument that it is entitled to summary judgment under *Ellerth* and *Faragher.*

■ The Eighth Circuit has stated that "[o]ur court has long recognized that an employer may be directly liable for [non-supervisory co-worker] harassment if it knew or should have known of the conduct and failed to take proper remedial action." *Dhyne,* 184 F.3d at 987. "[I]n cases not involving vicarious liability, employees have some obligation to inform their employers, either directly or otherwise, of behavior that they find objectionable before employers can be held responsible for failing to correct that behavior, at least ordinarily." *Whitmore v. O'Connor Management, Inc.,* 156 F.3d 796, 800 (8th Cir. 1998). The defendant suggests that it did not know, nor should it have known, of the harassment experienced by the plaintiff because the plaintiff failed to follow pre-

cisely the established procedure for making a complaint of sexual harassment. Although it is undisputed that the plaintiff voiced several complaints of sexual harassment to two of her supervisors, it is also undisputed that the plaintiff did not contact A. Michael Alesio at the defendant's corporate office pursuant to the terms of the defendant's policies. (*See, e.g.,* Def.'s Evidence Index in Supp. of Mot. for Summ. J. (hereinafter "Def.'s Index"), filing 26, Ex. 4, Ex. 2, "Valentino's Supplemental Anti-harassment Policy Statement," at 1 ("If you have reason to believe that you or another employee has been harassed, you may, as stated in your handbook, report the matter to A. Michael Alesio, at the corporate office, . . . or you may report the matter to your general manager, or, if you feel your general manager is part of the problem, you may contact any other management employee.").) (*See also id.* at Ex. 4, Ex. 1, "Hourly Employee Handbook," at 14; *id.* at Ex. 4., Ex. 3.) (*See also id.* at Ex. 1, Wallace Dep. at 69:22–70:1 (indicating that the plaintiff did not take her complaints to Alesio).) However, the plaintiff has submitted evidence suggesting that the defendant's policy was not followed, and that employees were told that they should take their complaints to their immediate supervisors instead of Alesio. (*See, e.g.,* Pl.'s Index of Evidence in Supp. of Her Br. in Opp'n to Def.'s Mot. for Summ. J. (hereinafter "Pl.s Index"), filing 29, Ex. 3, Ellison Dep. at 39:6–14; *id.* at Ex. 4, Modlin Dep. at 33:3–18; *id.* at Ex. 5, Lightcap Dep. at 28:3–24.)

After reviewing the materials associated with the defendant's motion for summary judgment, I believe that there remains a genuine issue as to whether the plaintiff can establish that the defendant "knew or should have known of the harassment." *Carter v. Chrysler Corp.,* 173 F.3d 693, 700 (8th Cir.1999). *See also Dhyne v. Meiners Thriftway, Inc.,* 184 F.3d 983, 987 (8th Cir.1999). Therefore, I must reject the defendant's first argument that it is entitled to summary judgment. *See* Fed.R.Civ.P. 56(c).

The defendant next argues that the plaintiff failed to allege that she was constructively discharged. It is true that the amended complaint does not specifically state that the plaintiff was constructively discharged. (*See generally* Am. Compl., filing 10.) Instead, it states that "Plaintiff has suffered lost wages, lost position advancement and lost benefits," (Am. Compl., filing 10, ¶ 17) and includes a request that I "[e]nter an Order awarding Plaintiff full back pay and all related employment benefits that the Plaintiff would have received had she not been discriminated against, or in lieu of reinstatement, award Plaintiff reasonable front pay," (*id.* at 5). In addition, I note that the plaintiff's administrative charge states that, "I constructively discharged my position due to being subjected to unwelcome sexual harassment. . . ." (Def.'s Index, Ex. 4, Ex. 5, "Charge of Discrimination.")

■ I do not read the complaint to state a constructive discharge claim that is independent from the plaintiff's hostile work environment claim. However, a constructive discharge claim can be based upon a hostile environment. *See, e.g., Kimzey v. Wal–Mart Stores, Inc.,* 107 F.3d 568, 574–75 (8th Cir.1997); *Delph v. Dr. Pepper Bottling Co.,* 130 F.3d 349, 354, 356–57 (8th Cir.1997). It seems to me that in this case, the defendant has received fair notice that the plaintiff intended to claim that the hostile work environment rendered the plaintiff's working conditions intolerable, thereby forcing her to quit. *See, e.g., Kimzey,* 107 F.3d at 574 (8th Cir.1997). I therefore reject the defendant's argument that it is entitled to summary judgment on the constructive discharge "claim" due to insufficient pleading.

■ Next, the defendant argues that the plaintiff's constructive discharge claim fails on its merits. For the following reasons, this argument too must be rejected.

To constitute a constructive discharge, the employer must deliberately create intolerable working conditions with the intention of forcing the employee to quit and the employee must quit. The plaintiff can satisfy the intent requirement by demonstrating that he quit as a reasonably foreseeable consequence of the employer's discriminatory actions.

A constructive discharge arises only when a reasonable person would find the conditions of employment intolerable. To act reasonably, an employee has an obligation not to assume the worst and not to jump to conclusions too quickly. An employee who quits ·without giving his employer a reasonable chance to work out a problem has not been constructively discharged.

*Tidwell v. Meyer's Bakeries, Inc.*, 93 F.3d 490, 494 (8th Cir.1996) (citations omitted). The defendant does not seem to argue that the plaintiff's working conditions were not intolerable. Instead, the defendant argues that the plaintiff's constructive discharge claim must fail because the plaintiff did not contact Alesio directly before leaving her job. (*See* Def.'s Br. at 20–21.) However, as I noted previously, there is a genuine issue whether the plaintiff properly reported the harassment to the defendant, notwithstanding the defendant's written policies concerning reports to Alesio. This issue distinguishes the present case from *Howard v. Burns Bros., Inc.*, 149 F.3d 835, 842 (8th Cir.1998), where it was found that the plaintiff did not follow the proper reporting procedure and thereby failed to give her employer a reasonable opportunity to work out the problem. The plaintiff's evidence also suggests that, over a period of two years, the plaintiff made approximately thirteen complaints to her managers about her co-worker's conduct (*see* Pl.'s Index, Ex. 1, Wallace Dep. at 23:24–24:9, 32:5–18), and although she was repeatedly told that the offending employee had been warned about his conduct (*see* Pl.'s Index, Ex. 1, Wallace Dep. at 23:10–18) and that the General Manager had been informed of the problem and would "handle" her complaints (*see id.* at 31:23–32:4), the conduct did not cease. The plaintiff finally left her job upon overhearing one of her managers tell the co-worker who had been engaging in the alleged harassment, "no, don't worry, you haven't lost your job; no you're not in trouble. . . ." (*Id.* at 78:6–19.) Under these circumstances, I cannot conclude that, as a matter of law, the plaintiff failed to avail herself of the defendant's "internal remedies." The defendant's reliance upon *Knowles v. Citicorp Mortgage, Inc.*, 142 F.3d 1082, 1086 (8th Cir.1998) and indirect reliance upon *Coffman v. Tracker Marine, L.P.*, 141 F.3d 1241, 1247–48 (8th Cir.1998)[2] is misplaced. These cases suggest that a constructive discharge claim is precluded when the plaintiff took only limited steps to make her complaints known to management, *see, e.g., Knowles*, 142 F.3d at 1086, or when the defendant took successful action on the plaintiff's earlier complaints and was not given an opportunity to correct the new problem, *see, e.g., Coffman*, 141 F.3d at 1247–48 (8th Cir.1998). When the evidence is viewed in a light favorable to the plaintiff, *Knowles* and *Coffman* are distinguishable from the present case. Here, there is a genuine issue as to whether the plaintiff adequately informed management

---

2. The defendant refers me directly to *Huber v. High Plains Corp.*, No. 4:00CV3242 (D.Neb. July 16, 2001), which in turn appears to cite *Coffman* for the proposition that an employee cannot bring a constructive discharge claim if she failed to use avenues of redress that were available from her employer.

of her complaints, and there is no indication that the defendant responded to previous complaints effectively.

Citing *Sidak v. Pinnacle Telemarketing, Ltd.*, 182 F.Supp.2d 873 (D.Neb.2002), *disapproved of on other grounds by Hassler v. Alegent Health*, 198 F.Supp.2d 1108, 1111–12 (D.Neb.2002), the defendant argues that the plaintiff did not act reasonably by quitting without first talking to Alesio. It appears that Sidak left her employment without talking to any manager at all, *see Sidak*, 182 F.Supp.2d at 876, 878–79, and since the evidence in this case shows that the plaintiff reported her coworker's conduct several times to two different supervisors, I find that *Sidak* is distinguishable from the present case.

It seems to me that there is a genuine issue as to whether the plaintiff's decision to quit was a reasonably foreseeable consequence of the defendant's alleged indifference to her repeated complaints. *See, e.g., Kimzey v. Wal–Mart Stores, Inc.*, 107 F.3d 568, 574–75 (8th Cir.1997). Therefore, I find that the defendant has not demonstrated that it is entitled to summary judgment on the plaintiff's constructive discharge claim.

■ Finally, the defendant argues that the plaintiff's claims for back pay and front pay "are barred by her failure to accept an unconditional job offer from Valentino's." (Def.'s Br. at 24.) In support of this argument, the defendant refers me to *Ford Motor Co. v. EEOC*, 458 U.S. 219, 241, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982). In *Ford Motor Co.*, the Court held that an employer charged with discriminatory hiring practices can avoid back pay liability by unconditionally offering the claimant the job he was originally denied. *See generally Ford Motor Co.*, 458 U.S. 219, 102 S.Ct. 3057. The case before me is not a discriminatory hiring case, and the defendant has not persuaded me that the *Ford Motor Co.* rule ought to be applied here.

Whether the plaintiff is entitled to an award of back pay and front pay is an issue that remains to be resolved at trial.

The defendant filed a motion to strike the statement of Andrew Barrett, which the plaintiff submitted in opposition to the defendant's motion for summary judgment. (*See* Def.'s Mot. to Strike, filing 32; Pl.'s Index, Ex. 2.) I found that it was unnecessary for me to consider this statement in resolving the motion for summary judgment. Therefore, the defendant's motion to strike is denied as moot.

**IT IS ORDERED** that:

1. The defendant's motion for summary judgment, filing 25, is denied; and

2. The defendant's motion to strike, filing 32, is denied as moot.